**quinn emanuel** trial lawyers | washington

1300 I Street NW, Suite 900, Washington, D.C. 20005 | TEL (202) 538-8000 FAX (202) 538-8100

WRITER'S DIRECT DIAL NO.
(202) 538-8308

WRITER'S EMAIL ADDRESS
christophermichel@quinnemanuel.com

April 10, 2025

**VIA CM/ECF**

Maureen W. Gornik, Acting Clerk of Court
United States Court of Appeals for the Eighth Circuit
Thomas F. Eagleton Courthouse
111 South 10th Street
Room 24.329
St. Louis, MO 63102

Re: *Jefferson County v. Express Scripts, Inc.*, No. 24-1550 (argument scheduled for April 16, 2025, before Smith, Shepherd, and Kobes, JJ.)

Dear Ms. Gornik:

Defendants-Appellants respectfully submit this response to Plaintiff-Appellee's Rule 28(j) letter concerning the Fourth Circuit's recent unpublished decision in *City of Martinsville v. Express Scripts, Inc.*, 24-1912, 2025 WL 1039624, at *1 (4th Cir. Apr. 8, 2025).

Contrary to the County's suggestion, *Martinsville* sheds no light on the issues before this Court. In *Martinsville*, the district court had remanded the case on waiver grounds, making an express factual finding that the defendants had taken "affirmative action to continue to litigate in state court." *City of Martinsville v. Purdue Pharma*, 2024 WL 4218847, at *12 (W.D. Va. Sept. 16, 2024). On appeal, the Fourth Circuit issued a brief summary affirmance, concluding only that the district court's factual finding on waiver did not constitute "clear error" because the panel "was not left with the definite and firm conviction that a mistake has been committed" below. *Martinsville*, 2025 WL 1039624, at *1 (citations omitted).

Here, by contrast, the district court declined to adopt the County's waiver argument, instead remanding solely on the ground that the PBMs' removal was untimely under 28 U.S.C. § 1446(b). App. 661-67; R. Doc. 58 at 5-11; Add. 5-11. The *Martinsville* panel, however, expressly did not "consider whether the removal was timely." 2025 WL 1039624, at *1 (affirming "solely" as to waiver); *see also* County's 28(j) Letter (acknowledging *Martinsville* "did not reach the issue of whether removal was timely"). *Martinsville*'s affirmance based on deference to the district court's factual finding on waiver thus has no application here, because the district court in this case made no factual finding on waiver to which this Court could defer. And as explained in the PBMs' reply brief (at 22-23), there is no basis for this Court to accept the County's waiver argument in the first instance. Waiver accordingly does not provide a valid alternative ground on which to affirm.

Respectfully submitted,

*/s/ Christopher G. Michel*

Christopher G. Michel

cc: Counsel of Record